# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MOON, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-02034-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION BY DEFENDANT P. HAINES ELY, M.D. TO DISMISS PLAINTIFF'S COMPLAINT<br>(ECF No. 21)<br><br>FOURTEEN-DAY DEADLINE |

### I.     Procedural Background

Plaintiff Matthew James Griffin ("Griffin") is a state prisoner proceeding pro se in this civil rights action. Plaintiff originally filed his complaint on October 19, 2012, in the Kings County Superior Court. (ECF No. 2-1.) Defendants J. Wang, C. McCabe and J. Moon removed the action to this Court on December 14, 2012. (ECF No. 2.) On December 26, 2012, Defendant Clark joined in the removal. (ECF No. 4.)

On January 23, 2013, Plaintiff filed a motion to supplement his complaint. (ECF No. 5.) On February 25, 2013, Plaintiff lodged his proposed supplemental complaint. (ECF No. 12.) On March 8, 2013, the Court granted Plaintiff's request to amend the complaint, and Plaintiff's lodged complaint was filed into the Court's docket. (ECF Nos. 13, 14.)

On June 24, 2013, Defendant P. Haines Ely, M.D. ("Defendant Ely") filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m) on the grounds that Plaintiff failed to serve Defendant Ely with federal summons and complaint after removal of the action to this Court. (ECF No. 21.)  Plaintiff opposed the motion on July 10, 2013, and Defendant Ely replied on July 17, 2013.  (ECF Nos. 22, 23.)  The motion is deemed submitted pursuant to Local Rule 230(l).

**II.     Discussion**

Defendant Ely argues that the Court should dismiss the action against him with prejudice based on Plaintiff's failure to effectuate federal service of process within 120 days after removal of the action to this Court.  Defendant Ely's argument lacks merit.

On December 14, 2012, following removal, the Court issued a First Informational Order in Prisoner Civil Rights Case following removal.  In relevant part, the First Informational Order states as follows:

> The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915(A).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)(2).  <u>The Court will direct the United States Marshal to serve plaintiff's complaint only after the court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.</u>

(ECF No. 3, ¶ 12 (emphasis added).)

The Court has not screened Plaintiff's first amended complaint to determine whether it states a cognizable claim against any of the named defendants.  As such, the Court has not directed service of the complaint and, for those defendants already appearing in this action, has not ordered them to file a responsive pleading.  The Court will screen Plaintiff's amended complaint in due course.  However, the parties are advised that the Court has a large number of prisoner civil rights cases pending before it and screens cases in the order in which they are filed.

To the extent that Defendant Ely argues that Plaintiff has taken unfair advantage of the screening process by filing motions without Defendant Ely being served, this argument also lacks merit.  Defendant Ely has not identified any specific prejudice resulting from Plaintiff's mere filing of motions or from those motions that have been decided by the Court.  Indeed, the Court is cognizant of

the status of this case and takes such status into consideration when resolving pending motions. Moreover, this matter may not even proceed to discovery until <u>after</u> the Court has screened the complaint and has issued an order opening discovery. As stated in the First Informational Order, no discovery may be conducted without court permission until an answer is filed and the court issues the discovery order. (ECF No. 3, ¶ 8.)

### III.    Conclusion and Order

For the reasons stated, it is HEREBY RECOMMENDED that Defendant Ely's motion to dismiss, filed on June 24, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 22, 2013**          /s/ *Barbara A. McAuliffe*          
                                    UNITED STATES MAGISTRATE JUDGE