# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. MOON, M.D., et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:12-cv-02034-LJO-BAM PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR ALTERNATIVE MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(ECF No. 25) |

Plaintiff Matthew James Griffin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 in Kings County Superior Court on October 19, 2012. The action was removed to this Court on December 14, 2012. On October 11, 2013, Plaintiff filed the instant motion for appointment of counsel or, in the alternative, a grant of priority legal user ("PLU") status. (ECF No. 25.)

**I.　　Motion for Appointment of Counsel**

Plaintiff seeks the appointment of counsel in this action because (1) he is unable to afford counsel; (2) the issues involved in this action are complex; (2) he has limited law library access and limited knowledge of the law; (3) he has been unable to secure representation; and (4) he has a serious vision impairment.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the court cannot require an attorney to represent plaintiff

pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This court is faced with similar cases almost daily from indigent prisoners with limited legal knowledge.  Although Plaintiff claims that he requires representation because of his vision impairment, the record reflects that Plaintiff has been able to file multiple motions and pleadings in this matter without the assistance of counsel and despite any such impairment.  Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims.  <u>Id.</u>

Accordingly, Plaintiff's motion for the appointment of counsel shall be denied without prejudice.

**II.     Motion for PLU Status**

Plaintiff seeks an order requiring the California State Prison-Corcoran to grant him PLU status and allow Plaintiff priority access to the law library for the duration of this action.  (Doc. 25.)  Plaintiff's request is a form of injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right."  <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 24, 129 S.Ct. 365 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 22 (citation omitted) (emphasis added).

Plaintiff has not demonstrated any entitlement to preliminary injunctive relief, 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), and such relief is not available to circumvent prison officials' rules regarding law library access, see Lewis v. Casey, 518 U.S. 343, 354-56, 116 S.Ct. 2174, 2181-82 (1996) (state not required to enable inmates to discover grievances or to litigate effectively once in court); U.S. Phillips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010) (purpose of preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment issues); see also Overton v. Bazzetta, 539 U.S. 126, 132, 123 S.Ct. 2162 (2003) (prison officials entitled to substantial deference); Sandin v. Conner, 515 U.S. 472, 482-83, 115 S.Ct. 2293 (1995) (disapproving the involvement of federal courts in the day-to-day-management of prisons).  There is no support for Plaintiff's contention that he requires PLU status at this stage of the proceedings.  There is no indication that he is being denied access to the courts or that court intervention is necessary.  Indeed, there are no current deadlines in this action given that Plaintiff's first amended complaint has not been screened or ordered served.  28 U.S.C. § 1915A.

Accordingly, Plaintiff's motion for preliminary injunctive relief shall be denied.

### III.  Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for the appointment of counsel is DENIED without prejudice; and

2. Plaintiff's alternative request for an order granting him PLU status is DENIED.

IT IS SO ORDERED.

Dated:  **March 11, 2014**                    /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE

3.