# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>    Plaintiff,<br><br> v.<br><br>J. MOON, et al.,<br><br>    Defendants. | 1:12-cv-02034-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM AND GRANTING LEAVE TO AMEND<br>(ECF No. 14)<br><br>THIRTY-DAY DEADLINE |

**I.** **Screening Requirement and Standard**

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on March 8, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is a prisoner of the State of New Mexico and is currently housed at California State Prison-Corcoran ("CSP-Cor"). Plaintiff names (1) J. Moon, CSP-Cor medical doctor, (2) Jeffrey Wang, Chief Medical Officer at CSP-Cor, (3) Edgar Clark, CSP-Cor medical doctor; (4) Conall McCabe, CSP-Cor medical doctor; (5) J. Neubarth, CSP-Cor medical doctor; (6) P. Haines Ely, contract dermatologist; (7) Ms. Bondoc, CSP-Cor nurse practitioner; (8) Connie Gipson, Warden at CSP-Cor; (9) CSP-Cor; (10) Gregg Marcantel, Secretary of the New Mexico Corrections Department; (11) California Prison Health Care Services ("CPHCS"); and (12) California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges as follows: Plaintiff is a prisoner of the State of New Mexico who is presently confined at CSP-Cor pursuant to the Western Interstate Corrections Compact. Plaintiff was transferred to California under the compact on August 10, 2008. Prior to accepting custody of Plaintiff, CPHCS and CDCR reviewed Plaintiff's medical history and conveyed to the New

1  Mexico Corrections Department that they would be able to meet the needs and care of Plaintiff.
2  During 2008, CDCR entered into a written agreement with the New Mexico Corrections
3  Department for custody, housing and medical care of Plaintiff.
4      On May 21, 2009, while housed at CCI-Tehachapi, Plaintiff was transferred to a new cell.
5  His property, clothing and linen were transferred with him.  Plaintiff's new cell contained a
6  mattress with a cloth covering, the outer plastic/vinyl cover having been removed.  Within two
7  weeks, Plaintiff contracted a parasitic mite with Demodex like symptoms, which began to break
8  down the integrity of Plaintiff's skin and cause him to develop painful and debilitating skin
9  infections.  During the next two months, CCI-Tehachapi medical staff took steps to remedy
10 Plaintiff's condition, including replacing his mattress, clothing and linen.  They also had an
11 exterminator spray his cell with pesticide.  When the pesticide had no effect, they prescribed
12 Permethrin cream for Plaintiff, which was effective for three days and then failed.
13     On July 28, 2009, Plaintiff was transferred to CSP-Cor.  He arrived with a skin infection,
14 open wounds on his skin, scabbed over wounds and visible infections within the skin.  On July
15 31, 2009, Plaintiff was again given Permethrin.  The Permethrin worked for three days before
16 failing.
17     Between August 2009 and October 2012, Plaintiff had all the symptoms and markers
18 typically associated with Demodex, including movement on the surface of the skin, folliculitis,
19 blepharitis (inflammation of eye lids), increased movement on the surface at night, infestation of
20 the scalp, infections within the skin, eruptions of the skin and scabbing.
21     Defendants Bondoc, Moon, and Wang personally observed the open wounds, eruptions of
22 Plaintiff's skin, infections within the skin, blepharitis and folliculitis on various dates beginning
23 in August 2009 through July 2012.  They failed to provide Plaintiff with reasonably adequate
24 medical care and medical services.  The wrongful acts and omissions of defendants include, but
25 are not limited to (a) delaying his treatment for years, (b) failing to consult with a specialist; (c)
26 misdiagnosing Plaintiff's skin condition and its underlying cause; (d) delaying consultation with
27 a specialist; (e) failing to follow the recommendation of the specialist; (f) failing to treat
28 Plaintiff's condition with the correct medication; (g) failing to schedule timely follow up exams;

(h) failing to employ any diagnostic laboratory testing; and(i) continuing a course of treatment that they knew was ineffective and painful.

On August 23, 2011, Plaintiff reached an agreement with the Secretary of the New Mexico Corrections Department in which the department agreed to pay for the diagnostic testing of Plaintiff's skin condition and agreed to pay for any needed medication. The agreement was reduced to writing and signed on September 20, 2011. A copy of the agreement is incorporated by reference in Plaintiff's amended complaint.

Since October 2011, Defendant Wang repeatedly used his position to block the execution of the agreement by denying referrals for diagnostic testing and by denying recommended medications as "non-formulary."

Plaintiff asserts causes of action for professional negligence-malpractice and medical malpractice against Defendants Moon and Wang. Plaintiff claims that Defendants Wang and Moon failed to refer him to a parasitologist, entomologist or dermatologist. When Plaintiff was seen by a dermatologist, Defendants Wang and Moon failed to follow the recommendations for medication, follow-up appointments and diagnostic skin testing.

Plaintiff also asserts claims for professional negligence-medical battery and negligence-simple battery against Defendant Moon. Plaintiff claims that he named Defendant Moon as a party in Griffin v. Gonzales, et al., 1:11-cv-00210 AWI GSA, but Defendant Moon refused to withdraw as Plaintiff's primary care physician. Defendant Moon also continued to act as Plaintiff's physician over Plaintiff's verbal and written objections. On November 28, 2011, Defendant Moon touched Plaintiff at a medical appointment after being told not to do so. Defendant Moon has continued to insert himself into Plaintiff's medical care despite the conflict of interest. Defendant Moon also thwarts Plaintiff's attempts to receive medical care in retaliation for complaints, claims and lawsuits that Plaintiff has filed against him.

Plaintiff also asserts causes of action for professional negligence-medical malpractice and medical malpractice against Defendant Ely. Plaintiff alleges that Defendant Ely personally observed the open wounds, eruptions of Plaintiff's skin, infections within the skin, blepharitis and folliculitis on four dates between February 2011 and January 2012. Plaintiff alleges that

4

Defendant Ely should have seen Plaintiff in person instead of by telemedicine, should have recommend testing and analysis of skin scrapings or biopsy samples before making a diagnosis and should have referred Plaintiff to an entomologist and parasitologist for a more complete examination.

Plaintiff asserts claims for professional negligence-malpractice claim and medical malpractice against Defendant Bondoc.  Plaintiff claims that Defendant Bondoc should have promptly referred Plaintiff to a medical specialist, followed the recommendations of the specialist, ordered diagnostic skin testing, obtained laboratory analysis of skin scrapings or biopsy samples and referred Plaintiff to a qualified parasitologist or entomologist.

Plaintiff also asserts an Eighth Amendment denial of medical care claim against Defendants Moon, Wang, Clark, McCabe, Neubarth, Bondoc and Ely.  Plaintiff alleges that Defendant Neubarth personally observed Plaintiff's condition on four occasions between December 2009 and February 2010.  Plaintiff alleges that Defendant McCabe personally observed his condition on two occasions in October and December 2009.  Plaintiff alleges that Defendant Clark personally observed Plaintiff's skin condition on three dates between February 2012 and April 2012.  Plaintiff claims that defendants disregarded Plaintiff's obvious skin infections and eruptions.

On May 27, 2010, Defendant Moon told Plaintiff that he would not refer Plaintiff to a specialist and stated that they were "not good at figuring things out."  (ECF No. 14.)  Plaintiff asserts that Defendants failed to conduct diagnostic medical tests for Plaintiff's condition and claims that his treatment was so cursory that it amounted to no treatment at all.  Plaintiff claims that Defendants' failure to properly treat and diagnose his condition was based on deliberate indifference to his serious medical needs.  Plaintiff also alleges that Defendants conspired to deprive Plaintiff of his Eighth Amendment right to be free from cruel and unusual punishment.

As a final matter, Plaintiff asserts a claim asking the Court to construe the Settlement Agreement with the New Mexico Corrections Department.  Plaintiff alleges that the agreement called for diagnostic skin testing by Defendants Wang and Gipson.  Defendants CDCR, CPHCS, CSPC and their officials declined to honor the agreement.

On January 11, 2012, Defendant Ely recommended multiple medications and diagnostic skin testing via biopsy. Defendants Moon, Wang and Clark refused to comply with the recommended biopsy. To date, Plaintiff only received one of the recommended medications.

On February 12, 2012, Defendant Clark proposed a different course of action from Defendant Ely. Defendant Wang rejected the proposed alternative.

On March 13, 2012, Defendant Clark told Plaintiff that he would reschedule the biopsy within thirty days.

On April 27, 2012, Defendant Clark told Plaintiff that it was too late to act on the recommendation of the specialist and that Plaintiff would have to see a specialist. On that same date, Plaintiff filed an appeal alleging a breach of the agreement. Plaintiff seeks declaratory relief that Defendants Marcantel, CDCR, CPHCS, CSPC, Gipson and Wang breached the written agreement.

### III. Deficiencies of Complaint

Plaintiff's complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure and fails to state a cognizable section 1983 claim. Plaintiff will be given leave to amend. To assist Plaintiff, the Court provides the following pleading and legal standards relevant to his claims.

### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's first amended complaint does not include a short and plain statement of his claims. Additionally, Plaintiff's complaint is filled with conclusory statements against

1  defendants and does not contain sufficient factual matter to state claims for relief that are

2  plausible on their face.  For example, Plaintiff alleges as follows:

> The wrongful acts and omissions of the Defendants include, but are not limited to: a) delaying Plaintiff's treatment for years; b) failing to consult with a specialist; c) misdiagnosing Plaintiff's skin condition and its underlying cause; d) delaying consultation with a specialist for a year and a half; e) failing to follow the recommendations of a specialist; d) failing to treat Plaintiff's condition with the correct medication; g) failing to schedule timely follow up exams with the specialist as recommended and needed for proper treatment and diagnosis; h) failing to employ any diagnostic laboratory testing whatsoever; i) and, continuing in a course of treatment they knew was ineffective, painful and exposed Plaintiff to substantial risk of harm from unresolved infection of the skin.

(ECF No. 52.)  These "allegations" are merely conclusions asserted by Plaintiff against all defendants.  They do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants.  If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant.

### B. Eleventh Amendment

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities.  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007).  The Eleventh Amendment bars any claim for monetary damages against CDCR, CSP-Corcoran, the New Mexico Corrections Department and CPHCS.

### C. Settlement Agreement

Plaintiff seeks enforcement of a settlement agreement entered with the New Mexico Department of Corrections (attached to his first amended complaint) and executed in September 2011.  This Court lacks jurisdiction to enforce the settlement agreement.  Enforcement is for state courts absent an express statement that the original court retained jurisdiction to enforce the settlement agreement.  See, e.g., Johnson v. Gains, 2012 WL 2899713, *1 (S.D. Cal. Jul. 13, 2012) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 381-82, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)); O'Connor v. Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (federal courts generally lack jurisdiction to enforce settlement agreements, absent an express statement

that jurisdiction is retained to enforce a settlement agreement).  The settlement agreement arose out of cases filed in the New Mexico District Court, not this Court.

### D. Eighth Amendment – Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).  Deliberate indifference is a high legal standard.  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811(1994).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).

///

///

Defendant J. Moon

Plaintiff alleges that Defendant Moon failed to refer him to a parasitologist, entomologist or dermatologist, committed medical malpractice by failing to properly diagnose and treat him, and failed to conduct certain medical tests.  As noted above, medical malpractice does not support an Eighth Amendment violation.  Broughton, 622 F.2d at 460; Estelle, 429 U.S. at 106.  Moreover, Plaintiff's belief that certain referrals and medications should have been ordered evidences a mere disagreement between a physician and an inmate.  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendant Jeffrey Wang

Plaintiff alleges that Defendant Wang failed to consult with a specialist, failed to treat his condition with the correct medication, failed to conduct diagnostic testing and failed to schedule a biopsy.  As with Defendant Moon, Plaintiff's allegations against Defendant Wang amount, at most, to medical malpractice, which does not support an Eighth Amendment claim.  Broughton, 622 F.2d at 460; Estelle, 429 U.S. at 106.  Further, Plaintiff's complaints concerning the type of medication and testing that he should have received amount to a mere disagreement between an inmate and physician, which does not support a claim of deliberate indifference.  Sanchez, 891 F.2d at 242.

Defendant Edgar Clark

Plaintiff alleges that Defendant Clark refused to comply with a recommended biopsy.  However, Plaintiff also alleges that Defendant Clark proposed a different course of action on February 12, 2012, and that Defendant Clark told Plaintiff on March 13, 2012, that he would reschedule the biopsy.  Plaintiff further alleges that Defendant Clark told him on April 27, 2012, that he would have to see a specialist.  Plaintiff has failed to allege that Defendant Clark was deliberately indifferent and failed to respond to Plaintiff's pain or possible medical need.  Jett, 439 F.3d at 1096.  At best, Plaintiff has asserted a disagreement with the course of treatment chosen by Defendant Clark, which does not support a claim of deliberate indifference.  Sanchez, 891 F.2d at 242.

Defendant McCabe

Plaintiff alleges that Defendant McCabe personally observed his condition on two occasions in October and December 2009, but disregarded his skin eruptions. Plaintiff has failed to allege sufficient facts against Defendant McCabe to establish a claim of deliberate indifference to serious medical needs. In particular, Plaintiff has failed to identify the circumstances surrounding the observation of Plaintiff's condition by Defendant McCabe or any specific actions or omissions on the part of Defendant McCabe.

Defendant J. Neubarth

Plaintiff alleges that Defendant Neubarth personally observed Plaintiff's condition on four occasions between December 2009 and February 2010, but disregarded his skin eruptions. Plaintiff has failed to allege sufficient facts against Defendant Neubarth to establish a claim of deliberate indifference to serious medical needs. In particular, Plaintiff has failed to identify the circumstances surrounding the observation of Plaintiff's condition by Defendant Neubarth or any specific actions or omissions on the part of Defendant Neubarth.

Defendant P. Haines Ely

Plaintiff alleges that Defendant Ely personally observed the open wounds, eruptions of Plaintiff's skin, infections within the skin, blepharitis and folliculitis on four dates between February 2011 and January 2012. Plaintiff alleges that Defendant Ely should have seen Plaintiff in person instead of by telemedicine, should have recommended testing and analysis of skin scrapings or biopsy samples before making a diagnosis and should have referred Plaintiff to an entomologist and parasitologist for a more complete examination. Plaintiff's mere disagreement with the treatment rendered by Defendant Ely does not state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs. Sanchez, 891 F.2d at 242.

Further, Plaintiff's allegation that Defendant Ely recommended multiple medications and diagnostic skin testing via biopsy, but other doctors refused to comply with the recommended biopsy and he only received one of the recommended medications does not state a cognizable claim against Defendant Ely for deliberate indifference to serious medical needs. Jett, 439 F.3d at 1096.

<u>Defendant Nurse Practitioner Bondoc</u>

Plaintiff alleges that Defendant Bondoc failed to provide him with certain referrals and medications.  In particular, Plaintiff claims that Defendant Bondoc should have promptly referred Plaintiff to a medical specialist, followed the recommendations of the specialist, ordered diagnostic skin testing, obtained laboratory analysis of skin scrapings or biopsy samples and referred Plaintiff to a qualified parasitologist or entomologist.  Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Bondoc.  Construed liberally, Plaintiff has merely asserted a claim for medical negligence in diagnosing or treating his skin condition, which is not sufficient to establish deliberate indifference to serious medical needs.  <u>Broughton</u>, 622 F.2d at 460.

**E.  <u>Conspiracy</u>**

Plaintiff alleges that Defendant Moon, Wang, Clark, McCabe, Neubarth, Bondoc, and Ely conspired to deprive him of his constitutional rights.

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel Workers of A m. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, <u>Hart v. Parks</u>, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting <u>Woodrum v. Woodward County, Oklahoma</u>, 866 F.2d 1121, 1126 (9th Cir.1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" <u>Franklin</u>, 312 F.3d at 441 (quoting <u>United Steel Workers</u>, 865 F.2d at 1541).

Plaintiff fails to allege any plausible facts supporting the existence of a conspiracy between defendants.  Plaintiff's conclusory statements that defendants had an explicit or tacit meeting of the minds and committed acts and omissions with the intent to deprive him of his constitutional rights are not sufficient.

///

///

///

### F. State Law Claims

#### a. Medical Malpractice

Plaintiff has stated medical malpractice claims against Defendants Moon, Wang, Ely, and Bondoc. "The elements of a medical malpractice claim are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n. 2, 71 Cal.Rptr.3d 707 (Ct.App.2008) (internal quotations and citation omitted); Johnson v. Superior Court, 143 Cal.App.4th 297, 305, 49 Cal.Rptr.3d 52 (2006).

#### b. Battery

Plaintiff has asserted battery claims against Defendant Moon. A battery claim requires a showing that (1) Defendant Moon intentionally did an act that resulted in harmful or offensive contact with Plaintiff's person, (2) Plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss, or harm to Plaintiff. Tekle v. United States, 511 F.3d 839, 855 (9th Cir. 2007) (citation and quotations omitted).

Plaintiff's amended complaint is devoid of facts supporting any claim for battery against Defendant Moon. Specifically, Plaintiff has failed to allege sufficient facts to demonstrate that any contact by Defendant Moon caused injury, damage, loss or harm to Plaintiff.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable section 1983 claim for violation of his Constitutional rights. However, the Court will provide Plaintiff with the opportunity to file an amended complaint to cure the identified deficiencies to the extent that he is able to do so. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's first amended complaint is dismissed for failure to state a claim upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed with prejudice for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **March 12, 2014**             /s/ Barbara A. McAuliffe          
                                                                            UNITED STATES MAGISTRATE JUDGE