UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>J. MOON, M.D., et al.,<br><br>    Defendants. | Case No.: 1:12-cv-02034-LJO-BAM PC<br><br>ORDER DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE<br>(ECF Nos. 27, 30)<br><br>ORDER DENYING MOTION TO SET THE RULE 65(c) SECURITY DEPOSIT AS ZERO DOLLARS<br>(ECF No. 26) |

### I.  Background

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action was removed from Kings County Superior on December 14, 2012.  Plaintiff filed a first amended complaint on March 8, 2013.

On October 17, 2013, Plaintiff filed a motion to set the security deposit required by Federal Rule of Civil Procedure 65(c) for preliminary injunctions/temporary restraining orders as zero dollars. (ECF No. 26.)  Concurrent with that motion, Plaintiff also filed a motion for temporary restraining order.  (ECF No. 27.)  Plaintiff filed a second motion for temporary restraining order on October 21, 2013.  (ECF No. 30.)

///

1

**II.     Plaintiff's Motions for Temporary Restraining Order**

According to his moving papers, Plaintiff seeks a temporary restraining order and preliminary injunction to ensure that he receives proper medical care at California State Prison, Corcoran. Plaintiff explains that he entered into a settlement agreement with the New Mexico Corrections Department for the payment of his diagnostic skin testing, examination and treatment. Plaintiff now claims that defendants have failed to remedy his skin condition and that Defendant Wang, Chief Medical Officer at Corcoran, has blocked implementation of the settlement agreement. (ECF No. 29, pp. 2-3.)

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration and Naturalization Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

The Court lacks jurisdiction to issue the relief requested. On March 13, 2014, the Court dismissed Plaintiff's first amended complaint for failure to state a cognizable section 1983 claim for

violation of his constitutional rights. The Court granted Plaintiff leave to amend his complaint.[1] Currently, there is no operative complaint on file in this action. Thus, Plaintiff is not entitled to any preliminary injunction in the absence of a case or controversy and the Court lacks jurisdiction to issue any injunctive relief. Plaintiff's motion for temporary restraining order/injunctive relief shall be denied without prejudice to refiling once an operative complaint is on file. Similarly, Plaintiff's pending motion to set the security deposit as zero dollars also shall be denied.

### III.   Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions for temporary restraining order, filed on October 17 and 21, 2014, are DENIED without prejudice; and
2. Plaintiff's motion to set the Rule 65(c) security deposit as zero dollars is DENIED.

IT IS SO ORDERED.

Dated:   **April 29, 2014**         **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

---

[1] Based on requested extensions of time, Plaintiff's second amended complaint, if any, is due on or before May 15, 2014. (ECF No. 46.)

3