UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J.MOON, et al,<br><br>　　　　　　Defendant. | 1:12-cv-02034-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 57, 58) |

　　　　Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action. On June 5, 2014, the Court granted Plaintiff's motion to file a third amended complaint. (ECF No. 50.) Plaintiff filed his third amended complaint on June 16, 2014, which will be screened in due course.

　　　　On January 20, 2015, Plaintiff filed a motion for the appointment of counsel. (ECF No. 57.) On March 23, 2015, Plaintiff filed a second motion for the appointment of counsel. (ECF No. 58.)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel

1

pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In his moving papers, Plaintiff reports that he has been transferred to a private prison in Eloy, Arizona, operated by the Corrections Corporation of America.  He asserts that private prison officials have ordered him to dispose of legal documents and case materials, including case files from this action.  Plaintiff also alleges that private prison officials have been holding all of Plaintiff's mail for thirty or more days.  Plaintiff contends that he has no physical access to a California law library, he does not have a list of available library materials, and his mail is being confiscated for containing unauthorized messages.

At this juncture, the Court does not find the required exceptional circumstances for the appointment of counsel.  This Court is faced with similar types of cases almost daily from indigent prisoners with limited legal library access.  Currently, this case is in the pleading stage and the Court has provided the relevant pleading and legal standards applicable to Plaintiff's claims.  He does not require California law for purposes of relevant federal constitutional standards.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

For the foregoing reasons, Plaintiff's motions for the appointment of counsel are HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **April 7, 2015**                          /s/ *Barbara A. McAuliffe*
                                                                          UNITED STATES MAGISTRATE JUDGE