# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | Case No. 1:12-cv-02034-LJO-BAM (PC) |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS, AND REMANDING ACTION TO KINGS COUNTY SUPERIOR COURT |
| v. | |
| J. MOON, M.D., et al., | |
| Defendants. | (ECF No. 74) |

## I. Introduction

Plaintiff Matthew James Griffin ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On October 19, 2012, Plaintiff filed a complaint alleging federal and state law claims in the Superior Court of the State of California, Kings County, entitled *Matthew James Griffin v. Moon, et al.*, Case No. 12 C0298. On December 14, 2012, Defendants removed the state court action to this federal district court. (ECF No. 2.)

On January 28, 2016, the Magistrate Judge issued Findings and Recommendations that Plaintiff's federal claims be dismissed, with prejudice, for failure to state a cognizable claim under section 1983, and that his state law claims be dismissed, without prejudice, for lack of jurisdiction. (ECF No. 74.) The findings and recommendations were served on the parties and contained notice that any objections must be filed within fourteen days after service of the order. (Id. at 16.)

///

Plaintiff was subsequently granted two extensions to file objections to the Findings and Recommendations, (ECF Nos. 77, 79), and he filed his first objections on May 1, 2016, (ECF No. 80.) Plaintiff then requested a third extension of time to file additional objections to the Findings and Recommendations, (ECF No. 82), which was granted over Defendants' opposition, (ECF No. 85). Plaintiff then filed his final set of objections on May 23, 2016, (ECF No. 92), along with a declaration in support, (ECF No. 93), and a request for judicial notice, (ECF No. 94).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Specifically, the Court has carefully reviewed the entire file, including the aforementioned objections and related filings by Plaintiff. The Court finds that the Findings and Recommendations are supported by the record and by proper analysis, except for the recommendation that Plaintiff's state law claims be dismissed without prejudice. Instead, the Court agrees with Plaintiff that those claims should be remanded to the Kings County Superior Court.

**II.    Discussion**

    **1.    Federal Claims**

Plaintiff first objects to the Magistrate Judge's Findings and Recommendations that his action be dismissed with respect to his federal claims, with prejudice, for failure to state a cognizable claim under section 1983. Specifically, the Magistrate Judge found that Plaintiff did not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment, despite being given multiple opportunities to amend his complaint. (ECF No. 74, pp. 12-14.) Plaintiff has not shown any error by the Magistrate Judge in this respect.

Plaintiff relies on his own conclusory statements to contradict the Findings and Recommendations, particularly that he believes the Defendants actions were more than mere negligence, and were based on their deliberate indifference to his serious medical needs. (ECF No. 92, p. 8.) Plaintiff's conclusory allegations, without more, are insufficient to state a claim. Plaintiff notes that the Magistrate Judge made a reference to his previous, third amended complaint in the Findings and Recommendations, (ECF No. 74, p. 13), and argues that the Magistrate Judge thus committed a clear error by screening the incorrect complaint. On the contrary, the discussion in

the Findings and Recommendations shows this was merely a typographical mistake, and the Findings and Recommendations were properly based on a review of Plaintiff's final, fourth amended complaint. Moreover, this Court, in conducting its own *de novo* review, agrees that Plaintiff's factual allegations, even when liberally construed, fail to state a claim under the Eighth Amendment.

### 2. State Law Claims

Plaintiff also disputes the Findings and Recommendations related to his state law claims, including the recommendation to dismiss those claims without prejudice. (ECF No. 80, p. 5.) Plaintiff notes that his case was originally filed in the Kings County Superior Court, and was removed here by Defendants, (ECF No. 2.), on the basis that the action included claims arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1441. Now that the Court has found he has failed to state any federal law claims, Plaintiff argues that his state law claims should not be dismissed, but should instead be remanded to the Kings County Superior Court. Plaintiff further argues that he will be prejudiced by a dismissal without prejudice of his state law claims, because he cannot re-file those claims in state court due to the expiration of the statute of limitations period for those claims. (ECF No. 80, p. 5.)

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal district court if the federal district courts would have had original jurisdiction over the matter. A district court's federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Thus, the "presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citations omitted); *see also Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (same).

///

The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (internal quotations and citations omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, the Court has screened Plaintiff's complaint and found that he has failed to state any cognizable claim based on federal law. Plaintiff's surviving claims arise solely out of state-law based theories of relief. Consequently, the exercise of removal jurisdiction is not proper here, and the matter must be remanded to state court.

### III. Conclusion and Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations dated January 28, 2016 (ECF No. 74), are ADOPTED, except the recommendation that Plaintiff's action as to his state law claims be dismissed;

2. Plaintiff's action as to his federal claims is DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted; and,

3. The remainder of this action is REMANDED to the Superior Court of California for the County of Kings (Case No. 12 C0298).

IT IS SO ORDERED.

Dated:   **June 6, 2016**                    /s/ Lawrence J. O'Neill
                                                 UNITED STATES CHIEF DISTRICT JUDGE