# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | Case No. 1:12-cv-02034-LJO-BAM (PC) |
| Plaintiff, | APPEAL NO. 16-16197 |
| v. | ORDER DENYING PLAINTIFF'S SECOND MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL |
| J. MOON, M.D., et al., | |
| Defendants. | (ECF No. 105) |
| | ORDER DIRECTING CLERK'S OFFICE TO SERVE ORDER ON NINTH CIRCUIT COURT OF APPEALS |

**I.     Introduction**

Plaintiff Matthew James Griffin ("Plaintiff"), a state prisoner proceeding pro se, filed this action in the Superior Court for the State of California, Kings County. Defendants subsequently removed the action to federal court. (ECF No. 2.)  On June 6, 2016, the District Judge remanded this action to state court. (ECF No. 96.) Plaintiff filed a notice of appeal. (ECF No. 98.)

Currently before the Court is Plaintiff's second motion to proceed in forma pauperis ("IFP") on appeal, filed August 1, 2016, (ECF No. 105), as supported by a certified trust account statement, (ECF No. 103).[1] Defendants filed an opposition to Plaintiff's motion, (ECF No. 110), and a request for judicial notice of facts in support of their opposition, (ECF No. 111).

---

[1] Plaintiff's first motion to proceed IFP on appeal, (ECF No. 101), was dismissed without prejudice due to being incomplete. The July 21, 2016 order dismissing that motion, (ECF No. 102), granted Plaintiff thirty days to file a completed application. Subsequently, Plaintiff timely filed this second motion to proceed IFP.

Case 1:12-cv-02034-LJO-BAM   Document 115   Filed 09/23/16   Page 2 of 6

Plaintiff has not filed any reply in support of his motion. However, on September 19, 2016, Plaintiff filed a notice of completion (ECF No. 112), and notice of errata, (ECF No. 113), explaining a typographical error in the caption of his IFP motion, and requesting a ruling on this matter so as not to cause any further delay. The motion is deemed submitted. Local Rule 230(l).

**II.     Plaintiff's Motion to Proceed IFP on Appeal**

Plaintiff's motion to proceed IFP on appeal declares that he is currently incarcerated at the Alexander Correctional Institution in Taylorsville, North Carolina, that he is unable to pay the fees for the appellate proceedings, and that he requests leave to proceed without prepayment of fees under 28 U.S.C. § 1915. (ECF No. 105.) Plaintiff's certified trust statement is signed as being completed by Accounting Technician Kim Dobenette, and attaches a North Carolina Department of Public Safety inmate account statement as of July 20, 2016, showing that Plaintiff has an average monthly balance of $16.70 for the six months preceding the statement. (ECF No. 103.)

**A.     Legal Standard**

Under 28 U.S.C. § 1915(a)(1), a court may authorize a prisoner to proceed in any action, or appeal of an action, without prepayment of fees, by a prisoner who submits an affidavit that includes a statement of his assets and that person is unable to pay such fees. In general, filing an action IFP is a privilege, not a right. Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (citations omitted). Thus, prisoners seeking to proceed IFP must demonstrate that they financially qualify. 28 U.S.C. §1915(a)(1). Furthermore, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

The good faith requirement is satisfied if the appellant seeks review of any issue that is not frivolous. Gardner v. Pogue, 558 F.2d 548, 550–51 (9th Cir.1977) (citing Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962)) (quotation marks omitted); see also Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002) (if at least one issue or claim is non-frivolous, the appeal must proceed in forma pauperis as a whole). An action is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

///

**B.     Discussion**

Defendants in this case oppose Plaintiff's motion to proceed IFP on the following four grounds: (1) Plaintiff seeks appellate review of a non-appealable order, so the appeal is legally frivolous; (2) Plaintiff has not satisfied the procedural requirements to secure the privilege of proceeding IFP; (3) Plaintiff settled the claim forming the basis for this lawsuit, and so this litigation and ensuing appeal are frivolous and not taken in good faith; and (4) Plaintiff has not demonstrated a lack of assets and his assertion of poverty is untrue. (ECF No. 110.)

The Court finds that Defendants' arguments (2), (3), and (4) do not provide sufficient grounds to deny IFP to Plaintiff in this matter. In Defendants' second argument, they dispute Plaintiff's certified trust account statement because he cannot be located in the North Carolina Department of Public Safety inmate locator available online, using the name and number set forth on that statement. As Defendants elsewhere admit, (ECF No. 110, p. 4), Plaintiff is a prisoner of New Mexico, not a prisoner of North Carolina; he is being held at a North Carolina facility pursuant to an intrastate inmate housing agreement. That Plaintiff does not have a profile in a database for North Carolina's prisoners does not undermine the authenticity of his certified trust account statement.

In Defendants' third argument, they contend that this appeal is frivolous because Plaintiff was required to dismiss the underlying lawsuit pursuant to a September 20, 2011 settlement agreement, which was attached as an exhibit to Plaintiff's first amended complaint. (ECF No. 14, pp. 25-33.) In his first amended complaint, Plaintiff claimed that the settlement agreement was not upheld, and sought its enforcement. In their opposition to Plaintiff's current motion to proceed IFP, Defendants assert that Plaintiff received what he bargained for in the settlement agreement, and thus he was required to dismiss the lawsuit underlying this appeal, making his appeal frivolous and IFP improper to grant. (ECF No. 110, pp. 4-5.)

This Court will not make any findings regarding any alleged non-compliance with the settlement agreement, as the issue of enforcement of that agreement is not properly before the Court. Nor will this Court indirectly enforce the agreement in Defendants' favor by denying Plaintiff's IFP motion for the alleged failure to comply with the agreement. See O'Connor v.

3

Colvin, 70 F.3d 530, 532 (9th Cir. 1995) (federal courts generally lack jurisdiction to enforce settlement agreements, absent an express statement that jurisdiction is retained to enforce the agreement).

In Defendants' third argument, they assert that Plaintiff's assertion of poverty is untrue, because he did not disclose certain funds. These funds include $19,500 allegedly received in a settlement in Griffin v. Blodgett, et al., Case No. 2:91-cv-0441-JBH (E.D. Wash.). The Court takes judicial notice of the docket sheet in that case,[2] which shows that the release and settlement in that case was filed with that court on January 18, 1994. This fact does not undermine Plaintiff's current assertion of poverty; that he may have received substantial settlement sums over twenty years ago does not show that he is in control of such funds at the time he filed this motion to proceed IFP.

Defendants also cite a 2008 order from a case concerning Plaintiff, discussing that at that time he received an average of $110 a month from an unidentified source, and may have otherwise had access to other funds that were not in his prisoner account. Griffin v. Perry, No. 04CV654 MCA/WDS, 2008 WL 8097279, at *3 (D.N.M. Mar. 10, 2008). Again, this evidence of funds that may have been available about eight years ago is insufficient to show that Plaintiff's current assertion of poverty is untrue. Defendants' case law in support of this argument is distinguishable, since those cases concerned a failure to disclose assets which were clearly under the applicant's control at the time that the application to proceed IFP was made. Mathis v. New York Life Ins. Co., 133 F.3d 546, 547 (7th Cir. 1998) (failure to disclose that applicant then-owned a home with $14,000 of equity); Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 465 (S.D.N.Y. 2004) (applicant agreed to settlements worth $13,500 within three weeks prior to submitting application to proceed IFP).

However, the Court agrees with Defendants' first argument that, because Plaintiff seeks to review a non-appealable order in this appeal, the appeal is legally frivolous, and IFP is improper. (ECF No. 110, p. 2.) In this case, Plaintiff's seeks to appeal the June 6, 2016 judgment pursuant

---

[2]   See Porter v. Ollison, 620 F.3d 952, 954–55 (9th Cir. 2010) (courts may take judicial notice of dockets or pleadings, including those located on the internet) (citing Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (Abeyta v. Giurbino, 607 F. Supp. 2d 1123, 1127 n.5 (C.D. Cal. 2009)).

the District Judge's order remanding this action to state court. (ECF No. 98.) Other than in circumstances which are not applicable here, 28 U.S.C. § 1447(d) states that a remand order "is not reviewable on appeal or otherwise." "Despite this broad prohibition, the United States Supreme Court has held that section 1447(d) must be read together with section 1447(c)." Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1191 (9th Cir. 2003) (citing Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345–46, 96 S. Ct. 584, 46 L. Ed. 2d 542 (1976), abrogated on other grounds in Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)). Reading those sections together, the Supreme Court has clarified that 28 U.S.C. § 1447(d) only bars appellate review of remand orders based on a ground specified in § 1447(c). Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 638, 129 S. Ct. 1862, 1865-66, 173 L. Ed. 2d 843 (2009).

In this case, the District Judge made clear that this action was remanded pursuant to 28 U.S.C. § 1447(c). Specifically, the District Judge found that federal question jurisdiction in this case could only extend to a complaint that established a cause of action under federal law, or a claim that necessarily depending on a substantial question of federal law, which Plaintiff's complaint, as amended, did not do. (ECF No. 96, p. 3 (citing Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986).) Thus, removal was improvident, there was no subject matter jurisdiction in the case, and the action was required to be remanded pursuant to § 1447(c). (Id. at 4.)

Since the District Judge premised his remand order on the improper exercise of removal jurisdiction and the lack of subject matter jurisdiction pursuant to § 1447(c), appeal of that order is barred by § 1447(d) as a matter of law. Powerex Corp. v. Reliant Energy Servs., Inc., 551 U.S. 224, 234, 127 S. Ct. 2411, 2418, 168 L. Ed. 2d 112 (2007) ("[W]hen, as here, the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)."); see also Atl. Nat. Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 932 (9th Cir. 2010) ("Today we hold that we lack appellate jurisdiction to review a federal district court order remanding a case to state court based on a ground colorably characterized as a 'defect'

for purposes of 28 U.S.C. § 1447(c)."). As a result, Plaintiff's appeal of that order is legally frivolous and not taken in good faith. Therefore, the Court denies Plaintiff's current motion requesting to proceed IFP on appeal on the grounds that the appeal is frivolous, and certifies that this action is not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

**III.   Conclusion and Order**

For these reasons, IT IS HEREBY ORDERED as follows:

1. The Court certifies that this appeal is legally frivolous, and therefore it is not taken in good faith. 28 U.S.C. § 1915(a)(3);

2. Plaintiff's second motion to proceed in forma pauperis on appeal, filed on August 1, 2016, (ECF No. 105), is DENIED; and

3. A copy of this order shall be provided to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **September 23, 2016**            /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE